# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| ASTEC, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:12-1169 |
| ) | Judge Nixon |
| v. ) | |
| ) | Magistrate Judge Griffin |
| STANSTEEL CORPORATION ) | |
| and CONTRACTORSHEAVEN.COM ) | |
| d/b/a HOT MIX PARTS & ) | |
| ACCESSORIES, ) | |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d) and pursuant to the Initial Case Management Conference held on January 16, 2013, the following constitutes the Initial Case Management Order in this case:

1. <u>Nature of the Case</u>.

This is a case of alleged patent infringement. The Plaintiff and Defendants manufacture and offer for sale hot-mix asphalt plants and related parts, including but not limited to batch asphalt plants with recycled asphalt product ("RAP") systems, that are used in the asphalt production and processing markets. This action involves U.S. Patent No. 5,423,606 ("the '606 Patent") entitled "Batch Asphalt Plant Having RAP Weigh Hopper And Pugmill Scavenging System" for batch asphalt plants with RAP systems. The Complaint requests a judgment that Defendants have infringed and are infringing the '606 Patent, a permanent injunction enjoining Defendants from infringing the '606 Patent, and damages.

2. Amendments to the Pleadings.

The parties presently are unaware of a need to amend the pleadings or to join parties. The parties recognize that fact discovery, which has not yet begun, may uncover facts that may necessitate amending the pleadings at a later date. A proposed deadline for amendments is set forth in the parties' proposed discovery plan, below.

3. Settlement Efforts.

Concurrently with the parties' proposed discovery plan, below, the parties agree to engage in informal settlement discussions and to a preliminarily exchange of information and documents in a good faith effort to reach an early resolution to this case. To that end, the parties agree to the following:

(a) On **Monday, January 14, 2013**, Plaintiff served on Defendants its initial infringement contentions, without prejudice to later retraction, modification or amendment of same.

(b) On or before **Monday, January 21, 2013**, Defendants shall produce to Plaintiff, subject to the terms of an agreed protective order, the following: (i) Defendants' drawings, sufficient to identify all working components for all batch asphalt plants with RAP systems and/or RAP systems for a batch asphalt plant that Defendants have designed, manufactured, sold, offered for sale, and/or retrofitted since June 13, 1995; and (2) sales documents identifying all batch asphalt plants with RAP systems and/or RAP systems for a batch asphalt that Defendants have sold and/or retrofitted since November 13, 2006 and Defendants' net profit margin and gross profit margin for each identified sold or retrofitted unit.

(c) On or before **Friday, February 1, 2013**, Plaintiff shall serve on Defendants any amended supplemental initial infringement contentions, without prejudice to later retraction, modification or amendment of same.

(d) The parties shall participate in an informal settlement conference on **Friday, February 8, 2013** or on a date thereafter mutually agreeable to the parties.

4. Discovery Plan.

The parties anticipate taking discovery concerning: (1) the validity and enforceability of the '606 Patent; (2) infringement of the '606 Patent; (3) whether Defendants' alleged infringement of the '606 Patent has been willful; (4) whether Plaintiff's claims for patent infringement are barred by laches or other affirmative defenses; and (5) remedies for patent infringement, if any.

The parties agree to exchange initial disclosures by **Monday January 21, 2013**, and that discovery proceeds in accordance with the following plan:

(a) ~~Amendments~~: The parties may amend their pleadings or add parties without motion on or before **May 15, 2013**. The parties may add parties or amend the pleadings thereafter by motion in accordance with Fed. R. Civ. P. 15.

(b) ~~Claim Construction~~: The parties anticipate that Claim Construction will be important for resolving this dispute, and therefore request a schedule that will allow claim construction decisions to be issued before the beginning of substantive expert discovery. The parties propose the following schedule for resolving claim construction issues:

(i)  On or before **Friday, February 8, 2013,** Plaintiff shall serve on Defendants a list of claim terms, phrases, or clauses that Plaintiff contends should be construed by the Court.

(ii)  On or before **Friday, February 22, 2013**, Defendants shall serve on Plaintiff a list of claims terms, phrases, or clauses that Defendants contend should be construed by the Court.

(iii)  On or before **Friday, March 1, 2013,** Plaintiff shall serve on Defendants an amended list of any additional terms, phrases, or clauses that Plaintiff contends should be construed by the Court.

(iv)  On **Friday, March 8, 2013**, the parties shall simultaneously exchange claim charts. Such charts shall identify: (1) the claim terms to be construed; (2) the party's proposed construction of the claim term; and (3) references from the specification or prosecution history that support its proposed construction and any supporting extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art and testimony of all witnesses including expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. The parties shall further identify, for each fact or expert witness, a brief description of the subject matter of each witness's anticipated testimony, and for each expert witness, shall furnish a copy of the expert's *curriculum vitae* or resume.

(v) <u>Claim Construction Briefs and Markman Hearing</u>:

    i. On or before **Friday, March 22, 2013**, the parties shall file their respective opening claim construction briefs supporting the party's proposed constructions and identifying any extrinsic evidence known to the party on which it intends to rely to support its construction.

    ii. On or before **Friday, April 19, 2013**, the parties shall file their respective responsive claim construction briefs.

    iii. A Markman Hearing on claim construction is scheduled on June 6, 2013.

(c) Fact discovery shall be completed: **Friday, June 28, 2013**.

(d) Plaintiff's expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) on those issues on which Plaintiff will bear the burden of proof at trial shall be served by **Tuesday, July 9, 2013**.

(e) Defendants' expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) on those issues on which Defendants will bear the burden of proof at trial and Defendants' expert rebuttal reports shall be served by **Tuesday, July 23, 2012**.

(f) Plaintiff's expert rebuttal reports in accordance with Fed. R. Civ. P. 26(a)(2) shall be served by **Tuesday, August 6, 2013**.

(g) Any motions relating to fact or expert discovery shall be filed on or before **August 15, 2013**.

(h) The Court shall hold a telephonic status conference on **August 16, 2013 at 1:00 p.m. CST**. The parties are instructed to call the Judge's Chambers at (615) 736-5164.

(i) Expert discovery shall be completed by **Friday, September 6, 2013**.

(j) Summary judgment and other dispositive motions shall be served and filed by **Monday, September 30, 2013**. Responses to a dispositive motion shall be filed within 21 days of the filing of the dispositive motion, and any reply brief of the moving party shall be filed within 14 days of the filing of the response.

5. <u>Contemplated Motions</u>.

The parties agree that a Protective Order should be entered to govern the treatment of confidential discovery materials. The parties plan to file a joint motion for the entry of such a Protective Order. As contemplated in the above schedule, the parties also expect to file claim construction motions as well as summary judgment motions.

6. <u>Documents Filed Under Seal</u>.

If a party desires to file any portion of a pleading or other document under seal with the Court, the party must file a motion setting forth the reasons for the party's request to seal the subject information in the pleading or document and file under seal with the Court an unredacted version of the pleading or document. The party shall also file with the Court a redacted version of the subject pleading or document. If the Court grants the party's motion, the Court shall order that the unredacted version of the pleading or document remain under seal until such time as the Court orders otherwise.

7. <u>Request for Jury</u>.

A trial by jury has been requested on all issues so triable.

8. Other Matters.

(a) Changes in the limitations on discovery imposed under the Fed. R. Civ. P. or Local Rule.

The parties propose several discovery limitations:

Requests for Admission:

With the exception of Requests for Admission seeking authenticity of documents for which there is no limit, each side is limited to 50 Requests for Admission.

Limit on Expert Discovery:

Communications between trial counsel and testifying experts will not be discoverable unless it is a communication that the expert relies upon for the purposes of forming his opinion.

(b) The disclosure or discovery of electronically stored information.

If the parties cannot agree to the format for the production of electronically-stored information, electronically-stored information shall be produced to the requesting party as image files (e.g., PDF or TIFF). If the image filed is produced, the producing party must continue to preserve the integrity of the native file, i.e., the original formatting of the document, its metadata and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate a particularized need for production of electronically-stored information in its native format. Additionally, the parties agree to meet and confer regarding search terms before either party runs electronic searches to identify any potentially responsive electronically-stored data.

(c) Claims of privilege or protection as trial-preparation material.

If either party inadvertently produces a document or other information that is privileged or protected, the receiving or disclosing party shall, upon discovery, promptly provide written notice to opposing counsel. Upon receipt of notification, the party in possession of the alleged

privileged material shall return it to the producing party. If the recipient believes that the production of the material was a waiver, the recipient has 10 days after notification to file a motion with the Court. The receiving party may not further disclose or use such information or material until the Court determines whether the producing party has waived a claim of privilege or other similar protection.

(d) <u>Subject Matter Jurisdiction</u>.

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, with reference to the United States Patent Laws, Title 35 of the United States Code, and pursuant to 28 U.S.C. § 1332, with reference to diversity of citizenship.

It is so ordered this \_\_\_\_ day of January, 2013.

THE HONORABLE JULIET GRIFFIN
UNITED STATES MAGISTRATE JUDGE

Approved for Entry:

*/s/ John G. Jackson*
Richard W. Bethea
John G. Jackson
Yousef A. Hamadeh
CHAMBLISS, BAHNER & STOPHEL, P.C.
Liberty Tower, Suite 1700
605 Chestnut Street
Chattanooga, Tennessee, 37450
Phone: (423) 756-3000
Fax: (423) 265-9574
JJackson@cbslawfirm.com
RBethea@cbslawfirm.com
YHamadeh@cbslawfirm.com

COUNSEL FOR PLAINTIFF

and

*/s/ F. Larkin Fore, with permission by Yousef Hamadeh*
F. LARKIN FORE *PRO HAC VICE*
Fore, Miller & Schwartz
200 S. 5th St., Suite 700 N.
Louisville, KY 40202
Voice: (502) 589-5250
Fax: (502) 589-1637
Email: flfore@foreandschwartz.com

TIMOTHY H. NICHOLS
Suite 350
2021 Richard Jones Road
Nashville, Tennessee 37215
Phone: (615) 383-3355
Fax: (615) 383-3480
Email: tim@tnicholslaw.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2013, a copy of the foregoing proposed Case Management Order was provided to the Clerk for filing and upload to the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

By: /s/ *John G. Jackson*