IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ASTEC, INC. )
) No. 3-12-1169
v. )
)
STANSTEEL CORPORATION; and )
CONTRACTOR12SHEAVEN.COM )
d/b/a Hot Mix Parts & Accessories )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' initial case management order filed after the initial case management conference held on January 16, 2013.[1] The following modifications have been made to the parties' proposed order:

1. The parties agreed to exchange initial disclosures by January 21, 2013 (not 2011).

2. In consultation with the office of the Honorable John T. Nixon, a Markman hearing is scheduled on **Thursday, June 6, 2013, at 10:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN.

As provided in the contemporaneously entered order, counsel for the parties shall convene a telephone conference call with the Court on **Friday, August 16, 2013, at 1:00 p.m., central time,** to be initiated by defendants' counsel, to address the status of the case, whether any scheduling deadlines should be extended, a deadline for filing any motions to add parties or amend the pleadings, the potential for settlement, propriety of ADR, and any other appropriate matters.

As also provided in the contemporaneously entered order, the deadline for filing any dispositive motion is September 30, 2013. Any response shall be filed within 21 days of the filing of the motion or by October 21, 2013, if the motion is filed on September 30, 2013. Any reply, if

---

[1] The parties filed a Joint Rule 26(f) Report (Docket Entry No. 14) prior to the initial case management conference and converted it, with modifications addressed on January 16, 2013, to a proposed initial case management order after the initial case management conference.

necessary, shall be filed within 14 days of the filing of the response or by November 4, 2013, if the response is filed on October 21, 2013.

No other filings in support of or in opposition to any dispositive motion shall be made after November 4, 2013, except with Judge Nixon's express permission.

There shall be no stay of discovery before the June 28, 2013, deadline for completion of fact discovery or the September 6, 2013, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

In consultation with Judge Nixon's office, a jury trial is scheduled on **Tuesday, March 11, 2014, at 9:00 a.m.,** The parties anticipate that the trial will last approximately four (4) days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, March 7, 2014, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, February 28, 2014, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By January 31, 2014, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By February 10, 2014, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any Daubert motions and/or motions relating to expert testimony and any responses to objections to deposition testimony and proposed exhibits shall be filed by February 21, 2014.

By February 21, 2014, the parties shall also:

1. File a proposed joint pretrial order, which shall include:
   (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;
   (b) a short summary of the plaintiff's theory (no more than one page);
   (c) a short summary of the defendants' theory (no more than one page);
   (d) a succinct statement of the relief sought;
   (e) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;
   (f) Any special trial procedural issues;
   (g) A summary of any anticipated evidentiary issues;
   (h) A statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and
   (i) The estimated length of the trial.

2. File pretrial briefs, including:
   (a) a concise statement of the facts;
   (b) a concise statement of the issues;
   (c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;
   (d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

  (e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

 3. File any deposition transcripts that the parties expect to use at trial;

 4. Serve and file their respective final lists of witnesses and exhibits;

 5. File a listing of all agreed stipulations;[2] and

 6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[3]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[2] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[3] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.